UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES CORNELIUS,<br><br>                      Plaintiff,<br>    v.<br><br>STATE OF NEVADA, *et al.*,<br><br>                      Defendants. | Case No. 3:20-cv-00234-MMD-WGC<br><br>ORDER |

      On April 15, 2020, this Court issued an order directing Plaintiff James Cornelius to file his own amended complaint and his own fully complete application to proceed *in forma pauperis* or to pay the full filing fee of $400 within 30 days from the date of that order. (ECF No. 1 at 14.) The 30-day period has now expired, and Plaintiff James Cornelius has not filed an amended complaint, an application to proceed *in forma pauperis*, paid the full $400 filing fee, or otherwise responded to the Court's order.

      District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with

court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

Here, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.

The Court's order requiring Plaintiff James Cornelius to file his own amended complaint within 30 days expressly stated, "[i]f any of these plaintiffs fails to file a signed amended complaint within 30 days of this order, that plaintiff's case will be dismissed without prejudice to that plaintiff later filing a new action with a new complaint." (ECF No. 1 at 14.) Further, the Court's order requiring Plaintiff James Cornelius to file his own application to proceed *in forma pauperis* or pay the full filing fee within 30 days expressly stated, "[i]f any of these plaintiffs fails to either pay the complete filing fee or file a complete application to proceed *in forma pauperis*, including the required financial attachments,

within 30 days of the date of this order, the action by that plaintiff will be dismissed without prejudice to that plaintiff later filing an action in a new case with a new complaint and either paying the filing fee or filing a complete application to proceed *in forma pauperis* with the required financial documents." (*Id.* at 14.) Thus, Plaintiff James Cornelius had adequate warning that dismissal would result from his noncompliance with the Court's order to file an amended complaint and an application to proceed *in forma pauperis* or pay the full filing fee within 30 days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff James Cornelius' failure to file an amended complaint and an application to proceed *in forma pauperis* or to pay the full filing fee in compliance with this Court's order dated April 15, 2020.

It is further ordered that the Clerk of Court enter judgment in accordance with this order and close this case.

DATED THIS 2nd day of June 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3